IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHEN L. RUSSELL            :
                              :
v.                            :   CIVIL NO. CCB-08-2037
                              :   Criminal No. CCB-07-0361
UNITED STATES OF AMERICA      :
                          ...o0o...

## MEMORANDUM

Stephen L. Russell, a federal prison inmate, pled guilty to being in possession of a firearm after having been previously convicted of a felony in violation of 18 U.S.C. § 922(g). As part of his plea agreement, he stipulated that he had three prior convictions qualifying him as an "Armed Career Criminal," and on March 4, 2008 he was sentenced to 180 months incarceration, the mandatory minimum under 18 U.S.C. § 924(e) ("ACCA"). His appeal to the Fourth Circuit was dismissed. On August 6, 2008, he filed the present motion to vacate under 28 U.S.C. § 2255, which has been fully briefed, and will be denied for the reasons stated below.

Russell's motion alleges that he did not in fact have three prior qualifying convictions, and that his attorney, the First Assistant Federal Public Defender, provided ineffective assistance. To prevail on the second claim, Russell must show both deficient performance and prejudice resulting from that deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *U.S. v. Terry*, 366 F.3d 312, 314 (4th Cir. 2004).

The first claim, that he does not have three prior qualifying convictions, has been waived. Russell stipulated in his plea agreement and on the record during the Rule 11 proceeding that he met the requirements of 18 U.S.C. § 924(e). Further, he waived his right to appeal a sentence at adjusted offense level 30, and in fact was sentenced at the low end of the advisory guidelines range for level 30, Criminal History Category VI. *See United States v. Brown*, 232 F.3d 399,

402-03 (4th Cir. 2000).

The second claim fails because Russell has shown neither prejudice nor deficient performance by his experienced counsel.  Under the ACCA, a person who violated 18 U.S.C. § 922(g) "and has three previous convictions . . . for a violent felony or a serious drug offense, or both . . ." shall be imprisoned not less than fifteen years.  Under U.S.S.G. § 4B1.4, a defendant subject to sentencing under 18 U.S.C. § 924(e) is an "armed career criminal" and is subject to an increased offense level and criminal history category.

Under the statute, a "serious drug offense" includes

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

18 U.S.C. § 924(e)(2)(A)(ii).  The term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . .

18 U.S.C. § 924(e)(2)(B)(i).

As reflected in the plea agreement stipulation and the presentence report, Russell had at the time of sentencing two prior violent felony and one prior serious drug offense convictions: (1) possession with intent to distribute cocaine, Md. Code, Crim. Law § 5-602 (formerly Art. 27, § 286), (No. 97CR0943), for which a 6-year sentence was imposed on December 17, 1999 (Gov't Ex. 10); (2) second degree assault committed on September 13, 1998 for which a 9-month sentence was imposed March 26, 1999; and (3) second-degree assault committed February 16, 1999 for which a 9-month sentence was imposed September 22, 1999 (Gov't Ex. 4 and 5).  The cocaine conviction carries a 20-year maximum penalty, even if Russell was a first offender,

because cocaine is a Schedule II controlled substance. *See* Md. Code, Crim. Law §§ 5-403, 5-607, 5-608. Russell does not challenge the March 1999 assault conviction. As to the September 1999 assault conviction, he claims it was imposed when he was not represented by counsel; the records, however, show that when he appeared on September 21, 1999 without counsel the case was continued until September 22, 1999 at which time it appears defense counsel was present for the plea and sentencing. His mere allegations to the contrary are not sufficient to invalidate the conviction. *See Custis v. United States*, 511 U.S. 485, 495-96 (1994).

In summary, Russell was correctly determined to be an armed career criminal under the ACCA and was sentenced within the advisory guideline range and at the statutory mandatory minimum. His counsel was not deficient for failing to challenge the ACCA status, and, as any challenge would have failed, no prejudice has been shown.

Accordingly, the motion to vacate will be denied by separate Order.

   February 25, 2009  
       Date

               /s/  
        Catherine C. Blake  
        United States District Judge